IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL MAURICE MITCHELL, ) | |
| # R-07374, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-487-MJR |
| ) | |
| CHAPLAIN HEBERER, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. In a sealed order dated May 2, 2016, entered in *Mitchell v. Foster, et al.*, Case No. 16-cv-97-MJR (Doc. 1 in the instant case), this matter was severed from the original case. The newly severed case was randomly assigned to the undersigned Judge.

Since he filed the original action, Plaintiff has been transferred from Vandalia Correctional Center ("Vandalia") to Shawnee Correctional Center ("Shawnee").

This case contains the following claim, as designated in the original action:

**Count 9:** First Amendment and RLUIPA claims against Defendant Heberer for denying Plaintiff permission to pray in the chapel with inmates of other faiths because Plaintiff is a Buddhist.

Pursuant to the Court's order in Plaintiff's original case (Doc. 1), this claim is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.

**The Complaint**

As it relates to this claim against Defendant Heberer, Plaintiff's complaint (Doc. 2) alleges that on December 5 and 12, 2015, while Plaintiff was incarcerated at Vandalia,

Defendant Chaplain Heberer denied Plaintiff permission to pray in the prison chapel along with inmates of other religions (Doc. 2, pp. 20-21).[1]  Plaintiff is a Buddhist, and Defendant Heberer told him he could not pray in the chapel unless he became a Christian.  Plaintiff asserts that this denial of his right to commune with God in fellowship with others is a violation of his rights.  *Id*.

Plaintiff's complaint seeks injunctive relief including the right to exercise his Buddhist religion in chapel.  He also seeks compensatory and punitive damages (Doc. 2, p. 23).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true,

---

[1] In Plaintiff's enumeration of his claims in the *pro se* complaint, he designated the allegations against Defendant Heberer as "Claim 12" (Doc. 2, p. 20).

*see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that part of Plaintiff's claim survives threshold review under § 1915A.

Plaintiff invokes both the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in articulating his claims against Defendant Heberer.

As to the First Amendment claim, an inmate is entitled to practice his religion "insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir.1990). A rule impinging on that right "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S.78, 89 (1987). Restrictions on access to religious services and other opportunities are reviewed in light of the four *Turner* factors: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner*, 482 U.S. at 78; *see also Beard v. Banks*, 548 U.S. 521 (2006). In light of this authority, Defendant Heberer's denial of Plaintiff's use of the chapel to pray along

with other inmates states a First Amendment claim that withstands scrutiny under § 1915A at this early stage of the case.

Turning to the RLUIPA claim, this statute provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).

Notably, money damages are not available to a plaintiff under RLUIPA. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (money damages are not available in suits against a state under the RLUIPA; further, money damages cannot be awarded against public employees in their personal capacities (citing *Sossamon v. Texas*, — U.S. —, 131 S. Ct. 1651 (2011); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009)).  Plaintiff could seek injunctive relief under the RLUIPA, however, he is no longer housed at Vandalia, where his claim against Defendant Heberer arose. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Vandalia under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief in this action. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

Because neither injunctive relief nor damages are available to Plaintiff under the

RLUIPA, that portion of his claim shall be dismissed without prejudice. This action shall proceed only on Plaintiff's First Amendment claim for damages against Defendant Heberer.

**Pending Motion**

Plaintiff's motion to check status (Doc. 15) is **GRANTED** insofar as the status of this action is reflected herein.

**Disposition**

Plaintiff's claim under the RLUIPA is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claim against Defendant Heberer shall proceed only on First Amendment grounds.

The Clerk of Court shall prepare for Defendant **HEBERER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Memorandum and Order (Sealed) at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor

disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 9, 2016**

s/ MICHAEL J. REAGAN  
Chief Judge  
United States District Court
